IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2018 FEB 23 AM 9: 50
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| RAMON MENDOZA,<br>TDCJ # 1888851,<br>Petitioner, | § § § § § § | |
| | § | EP-17-CV-283-DB |
| LORIE DAVIS,<br>Director, Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br>Respondent. | § § § § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Ramon Mendoza challenges Respondent Lorie Davis's custody over him through a *pro se* "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254 (ECF No. 4). Respondent Lorie Davis counters Mendoza presents a mixed petition which the Court should dismiss without prejudice. After reviewing the record and for the reasons discussed below, the Court agrees Mendoza presents a mixed petition. Accordingly, the Court will dismiss Mendoza's petition without prejudice. Additionally, the Court will deny Mendoza a certificate of appealability.

### BACKGROUND AND PROCEDURAL HISTORY

A jury found Mendoza guilty in cause number 20130D01615 in the 34th District Court of El Paso County, Texas, of two first-degree felony offenses: aggravated assault and aggravated kidnapping. The trial court assessed punishment at seventeen-and-one-half-years' imprisonment.

The charges arose from a domestic dispute between Mendoza and his partner, Ashley Thomas. On March 3, 2013, Mendoza assaulted Thomas outside their shared recreational vehicle in Canutillo, Texas. When a neighbor tried to intervene, Mendoza dragged Thomas off into the

1

desert. El Paso County Sheriff's deputies, with the help of U.S. Border Patrol officers in a helicopter, found Thomas conscious but unable to communicate. Thomas's clothing was bloody and stained with urine, her eyes were swollen shut, and her lips and face were swollen. The emergency room physician who treated Thomas later testified that, as a result of the assault, Thomas sustained a skull suture fracture near her left cheekbone, a large scalp hematoma, a fracture of a lumbar vertebra, a displaced rib fracture, and lacerations.

Mendoza appealed his convictions, asserting trial court error and prosecutorial misconduct:

> On appeal, Appellant contends the trial court abused its discretion in allowing the State's expert on domestic violence to testify. Appellant also contends the trial court abused its discretion in refusing to grant a mistrial when the State purportedly commented on his failure to testify. Finally, Appellant argues the combined effect of cumulative errors requires reversal.[1]

The Eighth Court of Appeals modified and affirmed the trial court's judgment.[2] The Texas Court of Criminal Appeals struck Mendoza's original petition for discretionary review and

---

[1] *Mendoza v. State*, 08-13-00293-CR, 2015 WL 5999596, at *1 (Tex. App.—El Paso Oct. 14, 2015, pet. ref'd July 27, 2016).

[2] *Id.* at *9 ("The State has directed our attention to the trial court's judgment, which currently reflects the notation "N/A" regarding Appellant's plea and the jury's finding to the enhancement paragraph. The reporter's record, however, reveals that Appellant pleaded "not true" to the State's notice of enhancement, and that the jury made a "true" enhancement finding. An appellate court is authorized to reform or modify the judgment to conform to the record of the proceedings and to render an appropriate judgment, in accordance with its authority under Rule 43.2 of the Texas Rules of Appellant Procedure. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (appellate court has the power to modify incorrect judgments when the necessary data and information are available to do so). We therefore believe it is appropriate to modify the trial court's written judgment to reflect Appellant's plea of "not true" to the State's notice of enhancement, and the jury's "true" enhancement finding. Tex. R. App. P. 43.2(b).").

2

allowed him thirty days to submit a redrawn petition.³  Mendoza submitted a new petition,⁴ but the Court of Criminal Appeals refused discretionary review.⁵

Mendoza sought a writ of mandamus, alleging the state trial court failed to act on his application for a state writ of habeas corpus, which he claims he filed April 10, 2017.⁶  The Court of Criminal Appeals required the trial court to verify whether Mendoza had filed an application for a state writ,⁷ and the trial court averred he had not.⁸  Accordingly, the Court of Criminal Appeals denied the writ of mandamus without written order.⁹

Mendoza asserts four grounds for relief in his instant petition.  First, Mendoza claims he was denied a fair trial due to defects in the police reports which the State entered into evidence.¹⁰  Mendoza contends the reports did not reflect that Thomas was the actual aggressor and she was not kidnapped.  Second, Mendoza asserts his counsel provided constitutionally ineffective assistance when he failed to investigate the allegations against him.¹¹  Mendoza maintains that if his counsel had investigated, he would have determined that Thomas was the aggressor and she sustained her

---

³ *Mendoza v. State*, No. PD-1507-15, 2016 WL 1719281 (Tex. Crim. App. Apr. 27, 2016).

⁴ Appellant's Pet. for Discretionary Review, *Mendoza v. State*, PD-1507-15 (Tex. Crim. App. filed June 10, 2016), ECF No. 8-29.

⁵ *Mendoza*, 2015 WL 5999596, at *1.

⁶ Appl. for Writ of Mandamus, *In re Mendoza*, No. WR-86,913-01 (Tex. Crim. App. received June 1, 2017), ECF No. 8-34.

⁷ *In re Mendoza*, No. WR-86,913-01, 2017 WL 2774156 (Tex. Crim. App. June 21, 2017).

⁸ Letter from District Clerk, *In re Mendoza*, No. WR-86,913-01 (Tex. Crim. App. filed July 21, 2017), ECF No. 8-33.

⁹ Action Taken, *In re Mendoza*, No. WR-86,913-01 (Tex. Crim. App. Aug. 2, 2017), ECF No. 8-31.

¹⁰ Pet'r's Pet. at 7, ECF No. 4.

¹¹ *Id.*

injuries after she fell in a rocky area and off a small cliff. Third, Mendoza claims the trial judge erred when he overruled his trial counsel's objection to the testimony of Stephanie Karr.[12] According to the Eighth Court's opinion affirming the trial court's judgment, the State called "Karr, the Executive Director for the Center Against Family Violence, as an expert witness on family violence. Over objection, Karr was allowed to testify in general concerning the cycle of family violence and the reasons why victims of family violence often deny the abuse, stay with the abuser, and refuse to testify."[13] Karr admitted she did not know Thomas, Mendoza, or the facts of the case; rather, she testified she could "share general information about the nature of family violence."[14] Finally, Mendoza contends the trial judge erred when he denied his requests for transcripts on three occasions.[15] Petitioner asks the Court overturn his "wrongful conviction."[16]

## ANALYSIS

As a prerequisite to obtaining § 2254 relief, a prisoner must exhaust all remedies available in the state system.[17] Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
> (A) the applicant has exhausted the remedies available in the courts of the State; or

---

[12] *Id.* at 8.

[13] *See Mendoza*, 2015 WL 5999596, at *3.

[14] *Id.*

[15] Pet'r's Pet. at 8.

[16] *Id.*

[17] 28 U.S.C. § 2254(b)(1) (2012), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995).

4

(B) (i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.[18]

The exhaustion requirement reflects a policy of federal-state comity "designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[19] It prevents "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution."[20] It preserves the role of the state courts in the application and enforcement of federal law and prevents disruption of state criminal proceedings.[21]

A petitioner satisfies the exhaustion requirement when he presents the substance of his habeas claims to the state's highest court in a procedurally proper manner before filing a petition in federal court.[22] In Texas, the Court of Criminal Appeals is the highest court for criminal matters.[23] Thus, a Texas prisoner may only satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals, in either a petition for discretionary review or a state habeas corpus proceeding pursuant to Texas Code of Criminal Procedure article 11.07.[24]

---

[18] 28 U.S.C. § 2254.

[19] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)).

[20] *Ex Parte Royall,* 117 U.S. 241, 251 (1886).

[21] *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490-91 (1973)).

[22] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).

[23] *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

[24] *See* Tex. Crim. Proc. Code Ann. art. 11.07 ("This article establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment

In order to avoid piecemeal litigation, a petitioner must first present to the state's highest criminal court all grounds raised in a federal petition for writ of habeas corpus.[25] In *Rose v. Lundy*, the Supreme Court explained that federal district courts generally may not adjudicate mixed petitions—containing both exhausted and unexhausted claims—for habeas corpus.[26] As a result, a federal habeas court should dismiss a § 2254 petition "if state remedies have not been exhausted as to any of the federal claims."[27] In other words, even if even only one claim remains unexhausted, the federal habeas court may dismiss the entire petition for failure to exhaust state remedies.[28] However, the Supreme Court added in *Rhines v. Weber* it would be an "abuse of discretion for a district court to . . . dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."[29]

In the present case, although Mendoza presented his claims of trial court error and bias to the Eighth Court of Appeals in his direct appeal[30] and the Court of Criminal Appeals in a petition for discretionary review,[31] he did not exhaust his ineffective assistance of trial counsel claim by fairly presenting them to the Court of Criminal Appeals in a procedurally correct

---

imposing a penalty other than death."); *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998).

[25] *Rose*, 455 U.S. at 522.

[26] *Id.* at 510.

[27] *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

[28] *Rose*, 455 U.S. at 522.

[29] 544 U.S. 269, 278 (2005).

[30] *Mendoza*, 2015 WL 5999596, at *1.

[31] Appellant's Pet. for Discretionary Review, *Mendoza v. State*, PD-1507-15 (Tex. Crim. App. filed June 10, 2016), ECF No. 8-29.

manner. Accordingly, there was no fair presentation of this claim to a state court, and a state court has not had an opportunity to pass upon and correct any alleged errors of federal law.

Furthermore, because Mendoza has not filed a state application for a writ of habeas corpus, his ineffective assistance of counsel claims are not procedurally barred by the Texas rule prohibiting a second or successive application for a writ of habeas corpus pursuant to Article 11.07 of the Texas Rules of Criminal Procedure. Therefore, Mendoza's ineffective assistance of counsel claim remains unexhausted.

Mendoza did not reply to Davis's assertion that the Court must dismiss his "mixed" petition. Mendoza did make a conclusory claim in his petition that the state trial court "estoppe[d]" his state habeas action.[32] However, he did not offer credible evidence to support this claim. Moreover, the district clerk reported to the Court of Criminal Appeals that Mendoza never filed a state writ application in the district court.[33] Mendoza has not shown good cause for his failure to exhaust in state court.

Further, Mendoza's unexhausted ineffective assistance of counsel claim is non-specific, speculative, and conclusory. Mendoza merely alleges that—had his counsel not conducted a "poor" investigation and disbelieved Mendoza—there would have been "a different outcome."[34] Conclusory and speculative allegations are not sufficient to entitle a petitioner to relief in a §

---

[32] *See* Pet'r's Pet. at 8 ("now My Writ Habeas Corpus 11.07 not even process").

[33] Letter from District Clerk, *In re Mendoza*, No. WR-86,913-01 (Tex. Crim. App. filed July 21, 2017), ECF No. 8-33.

[34] Pet'r's Pet. at 7.

2254 case.[35] His ineffective assistance of counsel claim, as it is currently asserted, is not meritorious.

Finally, the record does not support a conclusion that Mendoza has diligently pursued his claims. On the contrary, Mendoza presents no evidence that he attempted to file a state habeas application after the Court of Criminal Appeals denied his petition for a writ of mandamus on August 2, 2017, and before he filed his federal petition on October 4, 2017.[36] The Court could reasonably conclude Mendoza engaged in intentionally dilatory litigation tactics.

Therefore—because Mendoza has not shown good cause for his failure to exhaust all of his claims, his unexhausted claim apparently lacks merit, and he has not diligently pursued his claims—the Court will not exercise its discretion and excuse the exhaustion requirement. Accordingly, the Court will dismiss Mendoza's § 2254 petition without prejudice.[37]

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[38] To warrant the granting of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

---

[35] *West v. Johnson*, 92 F.3d 1385, 1398–99 (5th Cir.1996).

[36] Action Taken, *In re Mendoza*, No. WR-86,913-01 (Tex. Crim. App. Aug. 2, 2017), ECF No. 8-31; *see also* http://search.txcourts.gov/CaseSearch (search for Ramon Mendoza), last visited Feb. 22, 2017.

[37] *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

[38] 28 U.S.C. § 2253(c)(1) (2012).

court was correct in its procedural ruling."[39] The Court finds that jurists of reason would not debate whether its procedural ruling in this case is correct. The Court, therefore, finds it should deny Mendoza a certificate of appealability.

## CONCLUSION

For the reasons discussed above, the Court concludes that Mendoza is not entitled to federal habeas corpus relief at this time. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Ramon Mendoza's *pro se* "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254 (ECF No. 4) and his civil cause are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner Ramon Mendoza is **DENIED** a **CERTIFICATE OF APPEALABILITY.**

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this 23rd day of February, 2018.

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[39] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).